582

## LAWAND et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
July 9, 1929.

No. 5324.

Samuel R. Harris, of Toledo, Ohio (Herbert W. Nauts, of Toledo, Ohio, on the brief), for appellants.

Lee N. Murlin, Asst. U. S. Atty., of Toledo, Ohio (Wilfred J. Mahon, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM. ██ Appellants were convicted of concealing from their trustee in bankruptcy certain merchandise specified in the indictment. The sole question presented on this appeal is whether there was sufficient evidence of their guilt to submit the case to the jury. Reliance is placed upon Reimer-Gross Co. v. United States, 20 F.(2d) 36 (6 C. C. A.). The government relied in that case upon an unexplained shrinkage in assets that occurred during the year preceding the adjudication in bankruptcy, and it was held that this was not sufficient to support a conviction. The present case is substantially different. The appellants here were in possession of certain merchandise, and after they were adjudged bankrupts they claimed that it had been stolen from their store, about two months before, by some one who forced an entrance therein through the door. The proof for the government tends to show that no such entrance or robbery occurred. It is true that before there can be a conviction under this statute (section 29b of the Bankruptcy Act, 11 USCA § 52(b) there must be proof of a concealment during bankruptcy. It is not necessary, though, that the goods be discovered in the possession of the accused. It is sufficient if there is substantial evidence of facts which exclude every other hypothesis. The evidence for the government meets this requirement. The explanation which the appellants offered in their bankruptcy proceeding was clearly disproved, and it was quite proper for the jury to infer from the evidence, not only that there had been no burglary, but that the goods were in the possession of appellants at the time of the appointment of the trustee.

██ The other point that is argued relates to the refusal of the court to permit the introduction of evidence, upon which there is no valid assignment of error. If there were, we should be compelled to hold that the rejection of the evidence was not prejudicial error.

The judgment is affirmed.